947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephen Wendell JONES, Plaintiff-Appellant,
v.
Eric WIER, et al., Defendant-Appellees.
 No. 90-2876.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 22, 1991.
Rehearing and Rehearing En Banc Denied
Nov. 18, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK, and MANION, Circuit Judges.
 
 Order
 
 1
 Jones contends that four guards at his prison used excessive force in subduing him. A jury in this action under 42 U.S.C. § 1983 returned a verdict for the defendants.
 
 
 2
 One of the jurors, Mark Koehn, is the anchorman of a news show at a television station in Madison, Wisconsin. During the interrogation of the jury panel, Koehn was silent when the venire was asked whether anyone knew the plaintiff. Jones contends that Koehn was untruthful, because his station broadcast a three-minute tape of Jones attacking a TV cameraman and being restrained by officers. Deceit by a juror required a new trial, Jones submits.
 
 
 3
 There are two problems. First, Jones did not raise this question in the district court and so has not preserved it for appeal. Second, the tape does not call Koehn's representation into question. We do not know whether Koehn saw the tape (newscasters do not always watch the signal that goes over the air) or whether, if he saw the tape, Koehn recalled the prisoner. Reporters deal wholesale with riots, murders, fires, and the like, so it is unlikely that they remember each protagonist. For all this record reveals, Koehn's mind was a tabula rasa to the characters and events of this case.
 
 
 4
 Jones' second contention is that John Van Dinter should not have been allowed to give expert testimony about the right way for guards to handle an aggressive inmate (and whether these defendants used it). Qualification as an expert witness is an issue for the district court, with deferential review. The district court did not abuse its discretion in deeming Van Dinter qualified. See Carroll v. Otis Elevator Co., 896 F.2d 210 (7th Cir.1990). That Van Dinter used defendants' version of the events as the basis for his opinion does not remove his testimony from the expert category. Counsel was free to examine this reliance in cross-examination. It used to be that experts were limited to answers based on assumed facts; the Rules of Evidence do not forbid what was once the only way to adduce the testimony.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed such a statement. After consideration of that statement, the briefs, and the record, the appeal is submitted for decision without argument